# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 14-1008V**
**Filed: January 6, 2016**
UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| WILLIAM MOYER, | * |
| | * |
| Petitioner, | * |
| v. | * |
| | * Attorneys' Fees and Costs; Stipulation |
| SECRETARY OF HEALTH | * Special Processing Unit ("SPU") |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| | * |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

*Ramon Rodriguez, III, Rawls, McNelis and Mitchell, PC, Richmond, VA, for petitioner.*
*Julia Wernett McInerny, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On October 17, 2014, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act"]. Petitioner alleged that he suffered Guillain-Barre Syndrome (GBS) following receipt of his October 21, 2011 influenza vaccination. On July 28, 2015, the undersigned issued a decision awarding compensation to petitioner based on parties' stipulation.

On January 6, 2016, the parties filed a Stipulation of Fact Concerning Attorneys' Fees and Costs.[3] According to the stipulation, the parties stipulate to an award of

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] Respondent initially filed a Stipulation of Fact Concerning Attorneys' Fees and Costs on January 4, 2016. (*See* ECF No. 31.) However, the undersigned ordered that stipulation stricken on January 6, 2016,

$19,500.00, which includes $18,704.25 in fees and costs incurred by petitioner's counsel and $795.75 in costs incurred by petitioner.  In accordance with General Order #9, the stipulation represents that petitioner incurred $795.75 in out-of-pocket expenses.

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300 aa-15(e).  Based on the reasonableness of petitioner's request and the lack of any objection by respondent, the undersigned **GRANTS** the request for approval and payment of attorneys' fees and costs.

**Accordingly, the undersigned awards:**

- **$18,704.25[4] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Ramon Rodriguez, III; and**

- **$795.75 as a lump sum in the form of a check payable to petitioner.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

because the stipulation erroneously included a statement that petitioner incurred no expenses when the stipulation itself requested that petitioner be awarded $795.75 in costs.  Respondent filed a second, corrected, stipulation on January 6, 2015. (*See* ECF No. 32.)  This decision is based on the second Stipulation of Fact Concerning Attorneys' Fees and Costs, filed on January 6, 2015.

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y, HHS*, 924 F.2d 1029 (Fed. Cir.1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.